IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

LAWRENCE L. MAYES, )
)
Petitioner, )
)
vs. ) No. CIV-20-480-C
)
JANET DOWLING, Warden, )
)
Respondent. )

ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner filed the present action pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his state court convictions. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Suzanne Mitchell, who entered a Report and Recommendation ("R&R") on August 10, 2020, recommending the Petition be dismissed. Petitioner has timely objected.

The substantive facts and law are accurately set out in Judge Mitchell's R&R and there is no purpose to be served in repeating them yet again. As Judge Mitchell noted, Petitioner is attempting to raise issues that are the subject of prior § 2254 Motions filed by Petitioner. Each of those Motions was denied and the Tenth Circuit denied the subsequent requests for Certificate of Appealability ("COA"). As Judge Mitchell notes, this Court cannot consider the claims raised by Petitioner absent a COA from the Tenth Circuit. Thus, the present action must be dismissed without prejudice as the Court lacks jurisdiction to consider it.

The Court will address two issues raised by Petitioner. First, Petitioner argues that his action is in fact brought pursuant to 28 U.S.C. § 2241 and thus this Court is not the proper venue for the action. As Judge Mitchell explained in the R&R, the allegations raised by Petitioner challenge the validity of his sentence, not the execution of that sentence. Thus, § 2254 governs his action and this Court is the proper venue for consideration. Second, Petitioner requests the Court review several documents he recently filed in the Oklahoma Court of Criminal Appeals. Nothing in those documents warrants a change in the outcome of the R&R.

Judge Mitchell noted Petitioner's repeated filings in the Tenth Circuit (seven requests for a COA) and the fact that that Court has admonished Petitioner against any future filings raising the same claims. Judge Mitchell recommended the Court consider imposing filing restrictions on Petitioner. "[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." Tripati v. Beaman, 878 F.2d 351, 353 (10th Cir. 1989) (citation omitted). When a party has "engaged in a pattern of litigation activity which is manifestly abusive," restrictions are appropriate. Johnson v. Cowley, 872 F.2d 342, 344 (10th Cir. 1989). Additionally, where, as here, a litigant continues to file offensive and/or abusive documents, the Court may, under its inherent powers, strike those pleadings from the file. See Phillips v. Carey, 638 F.2d 207, 208 (10th Cir. 1981) (citing Fed. R. Civ. P. 12(f) (upon the court's own initiative at any time, the court may

order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter)). Petitioner is warned that future attempts to raise issues that have been previously raised and rejected will result in imposition of filing restrictions.

As set forth more fully herein, the Court adopts, in full, the Report and Recommendation of the Magistrate Judge (Dkt. No. 8). Petitioner's Motion to "Amend and Supplemental Pleading for the Grounds for Action" (Dkt. No. 5) and "Motion to Include Relevant Evidence Federal Rule 28, U.S.C.A. 401" (Dkt. No. 6) are DENIED. A separate judgment will issue.

IT IS SO ORDERED this 10th day of September, 2020.

ROBIN J. CAUTHRON
United States District Judge